937 F.2d 604
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darwin Rusty SIERS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darwin Rusty SIERS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darwin Rusty SIERS, Defendant-Appellant.
Darwin Rusty SIERS, Plaintiff-Appellant,
v.
Ronnie L. NELSON, Sergeant, Correctional Officer, Danny
Platt, Corporal, Correctional Officer, Stephen F.
Greiner, Sheriff, Defendants-Appellees.
In re Darwin Rusty SIERS, Petitioner-Appellant.
 Nos. 90-7073 to 90-7077.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 20, 1990.
Decided June 28, 1991.
As Amended July 17, 1991.
 
 Appeals from the United States District Court for the Southern District of West Virginia, at Parkersburg. Charles H. Haden, II, Chief District Judge. (CR-87-156-A, CA-89-547-A, CA-89-923-A, CA-89-821-A, CA-90-311-A)
 Darwin Rusty Siers, appellant pro se.
 Ruth Lynette Ranson, Assistant United States Attorney, Charleston, W.Va., Jeffrey Brent Reed, Lantz, Palmer, Tebay & Reed, Parkersburg, W.Va., for appellees.
 S.D.W.Va.
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Darwin Rusty Siers was convicted of assaulting and attempting to kill a United States Postal Service employee. This Court affirmed his convictions. United States v. Siers, 873 F.2d 747 (4th Cir.1989). Before us now are five consolidated appeals from orders entered during post-conviction proceedings, an order finding that Siers was not subject to unconstitutional conditions of confinement, and an order denying Siers' petition for a writ of mandamus.
 
 
 2
 In No. 90-7075, Siers appeals the district court's denial of two 28 U.S.C. Sec. 2255 motions. Among the grounds raised in support of the motions was the claim that Siers' attorney did not assist him in petitioning for a writ of certiorari to the Supreme Court following this Court's affirmance of his conviction. If Siers' assertion is correct, relief may be appropriate. See Wilkins v. United States, 441 U.S. 468, 469 (1979); Proffitt v. United States, 549 F.2d 910, 912 (4th Cir.1976), cert. denied, 429 U.S. 1076 (1977); Fourth Circuit I.O.P. 46.3 and Plan in Implementation of the Criminal Justice Act of 1964. We vacate the dismissal of this claim and remand for further factual development.
 
 
 3
 With respect to Siers' other claims, our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm the denial of relief on these claims on the reasoning of the district court. United States v. Siers, CR-87-156-A, CA-89-647-A, CA-89-923-A (S.D.W.Va. June 27, 1990).
 
 
 4
 In No. 90-7074, Siers appeals the denial of his Fed.R.Crim.P. 35 motion, which we construe as made pursuant to 28 U.S.C. Sec. 2255. See United States v. Santora, 711 F.2d 41, 42 (5th Cir.1983). Except for Siers' claim that counsel would not assist him in petitioning for certiorari (which was raised in Siers' Rule 35 motion as well as in his Sec. 2255 motion), we affirm the judgment of the district court finding counsel's performance satisfactory in all respects. See Strickland v. Washington, 466 U.S. 468 (1984). We also affirm the district court's rejection of Siers' challenges concerning when his presentence report was made available to him, purported inadequacies in the report, and the harshness of the sentence given him. However, we remand for clarification of whether the district court has complied with the appending requirement of Fed.R.Crim.P. 32(c)(3)(D).
 
 
 5
 Siers alleged that the district court failed to comply with Fed.R.Civ.P. 32(c)(3)(D) in that no record of matters controverted at sentencing was made and attached to the presentence report. Siers maintained that he was being held in a higher custody level and that his parole chances were adversely affected because of this Rule 32 violation.
 
 
 6
 Under Fed.R.Crim.P. 32(c)(3)(D), if a defendant challenges the factual accuracy of any part of the presentence report, the district court is required to:
 
 
 7
 (1) As to each matter controverted, make either a finding as to the allegation or a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing; and
 
 
 8
 (2) Append a written record of such findings and determinations to any copy of the presentence report thereafter made available to the Bureau of Prisons or the Parole Commission.
 
 
 9
 Section 2255 provides extremely limited relief for Rule 32 errors. This Court has held that a defendant waives most nonconstitutional Rule 32 errors by failing to raise them on direct appeal. United States v. Emanuel, 869 F.2d 795, 796 (4th Cir.1989). The major exception to the rule announced in Emanuel is that the district court's failure to append findings about disputed portions of the presentence report can be raised in a Sec. 2255 motion. See United States v. Miller, 871 F.2d 488, 489 (4th Cir.1989); see also United States v. Gattas, 862 F.2d 1432, 1434 n. 4 (10th Cir.1988) (noting that the court's failure to make findings is apparent at time of sentencing and, therefore, can be raised on appeal, but failure to append findings is not readily discernible).
 
 
 10
 In this case, the record reflects that the court listened to Siers' objections and ordered that certain corrections or additions be made. However, the record does not reflect whether the court ordered a copy of the findings and determinations contained in the sentencing transcript appended to the report made available to the Bureau of Prisons or Parole Commission; the presentence report under seal, at least, has nothing appended to it.
 
 
 11
 We accordingly remand this claim to the district court for any necessary compliance with the appending requirement. For the reasons stated in connection with No. 90-7075, we vacate the dismissal of the ineffective assistance claim based on failure to petition for certiorari. The judgment is otherwise affirmed in all respects.
 
 
 12
 In No. 90-7073, Siers appeals the denial of a motion for extension of time to appeal the denial of a Fed.R.Crim.P. 33 motion. Because Siers did not seek to appeal within the extended time periods set forth in Fed.R.App. 4, the district court's denial of the motion was not an abuse of discretion.
 
 
 13
 In No. 90-7076, Siers appeals from the district court's order denying relief under 42 U.S.C. Sec. 1983. Our review of the record and the district court's opinion accepting the recommendation of the magistrate judge discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court. Siers v. Nelson, CA-89-821-A (S.D.W.Va. June 27, 1990).
 
 
 14
 Finally, in No. 90-7077, Siers appeals the district court's refusal to issue a writ of mandamus, through which Siers sought to obtain a copy of a West Virginia State Police report produced in connection with Siers' criminal case. The district court found that Siers had available another means, the Freedom of Information Act (FOIA), to attempt to gain access to the report. Therefore, the mandamus petition was denied.
 
 
 15
 Siers argues that his FOIA attempt was unsuccessful and that mandamus is his only avenue to secure relief. His lack of success does not alter the fact that he had available another means to obtain relief. Accordingly, as the district court did not abuse its discretion, we affirm. See In re Beard, 811 F.2d 818, 827 (4th Cir.1987).
 
 
 16
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument. Siers' motion for appointment of counsel is denied.
 
 
 17
 Nos. 90-7073, 90-7076, 90-7077, AFFIRMED.
 
 
 18
 Nos. 90-7074, 90-7075, AFFIRMED IN PART, VACATED AND REMANDED IN PART.