**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 94-11023

_____

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

GERMON M. SMITH-BOWMAN

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

February 14, 1996

Before JONES, STEWART, and PARKER, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Smith-Bowman was convicted of five counts of mail fraud for misusing the credit card that she had received in connection with her position as Executive Director of the San Angelo, Texas, chapter of the American Red Cross. She appeals, contending that the prosecution committed reversible error in asking improper questions of one of her character witnesses, and that the district court erred in denying her motion to transfer venue due to excessive and prejudicial pretrial publicity. Finding no error, we AFFIRM.

**BACKGROUND**

Germon Smith-Bowman was charged with using her Red Cross Visa card for making purely personal purchases, and then causing Red Cross funds to be used to pay off those balances. In her motion to transfer venue, Smith-Bowman alleged that her case had received extensive publicity since its inception. She alleged that both a local TV station and the local newspaper in

San Angelo ran numerous stories giving the impression that her guilt had already been affirmatively established. Her motion asked for the opportunity to present the news stories to the Court, along with testimony of people from the community who had been exposed to that publicity, in order to establish its prejudicial nature. The district court denied this Fed. R. Cr. P. 21(a) venue-transfer motion without conducting an evidentiary hearing.

Subsequent to this denial, Smith-Bowman put on a defense consisting primarily of the testimony of three character witnesses who testified to her reputation for honesty in the San Angelo community. On cross-examination of one of those witnesses, the Government, over the objections of Smith-Bowman's attorney, asked:

> Have you heard that this defendant took an American Red Cross credit card and went to the La Quinta Inn and rented a room in the name of Judy Walker so she could have a rendezvous with her boyfriend?
> Have you heard that this defendant took an American Red Cross credit card and bought jewelry for herself?

The district court overruled Smith-Bowman's objections to the questions at trial. The use of the credit card to rent a room at the hotel was not specifically listed as one of the charges, though the use of it to buy jewelry was. At closing, the prosecution further underscored these specific allegations in several paragraphs:

> If you want to talk about the defendant's character, you need to be with the defendant in the La Quinta Inn when she is checking in using the Red Cross money so she can rendezvous with her boyfriend and uses her secretary's name on the sign-in sheet. That is character. And it is the Character of a thief.

The jury found Smith-Bowman guilty on all but the charge of fraud in connection with an access device, and the district court sentenced her to 15 months imprisonment, three years supervised release, and ordered her to pay restitution in the amount of $19,844.83. She timely perfected her appeal.

## DISCUSSION

**Error on Cross Examination**

Smith-Bowman contends that the Government's questions to her character witness were improper because the questions rested upon an assumption of guilt, and that this improper questioning was reversible error.

This court reviews a district court's decision to permit a certain line of cross-examination for abuse of discretion. United States v. Candelaria-Gonzalez, 547 F.2d 291, 294 (5th Cir. 1977). In accordance with 28 U.S.C. 2111, first it must be determined whether the Government's questions were improper, and if so, then whether the error was harmful because it affected Smith-Bowman's substantial rights.

The last sentence of Federal Rules of Evidence 405(a) authorizes "inquiry during cross-examination" into "specific instances of conduct." The cross-examination questions at issue here brings forth such specific instances; nevertheless, in Candelaria-Gonzalez, this court found it improper for the Government to ask a character witness if the defendant's reputation would be affected if the defendant were convicted of the alleged crime. Candelaria-Gonzalez, 547 F.2d at 294. This court held that control of the cross-examination of character witness is largely within a trial court's discretion, and that once a defendant places his reputation at issue, the prosecution has wide latitude to pursue the reputation of the accused on cross-examination. Id. at 294. Nevertheless, this court found that the questions at issue were improper because they were based upon an assumption of guilt and therefore struck at the very heart of the presumption of innocence. Id. at 294.

The questions posed to Eddie Nelson in the case at bar are distinguishable from those at issue in Candelaria-Gonzalez because they do not clearly assume Smith-Bowman's guilt. Asking a character witness whether he has heard of some of the defendant's alleged misbehavior is arguably appropriate because if the witness has not heard of that behavior, then he may be perceived by the jury as not attuned to the community and the defendant's reputation, and his effectiveness as a character witness is undermined. Moreover, Smith-Bowman did not contest the allegations that she had committed these acts, instead she contended that the Executive

3

Committee had full knowledge of her use of the account, and it was understood that if she had used the Visa account as a card of convenience then she would reimburse personal expenditures.

Nevertheless, even assuming arguendo that the prosecutor's line of questioning was improper because it incorporated acts that were part of the indictment, that does not mean that the error was harmful. 28 U.S.C. § 2111. The Government argues that this line of questioning did not in and of itself amount to reversible error even in Candelaria-Gonzalez because the reversal in that case was based on the judge's misconduct as well as on the Government's improper cross-examination of the defendant's character witnesses. While the judge's misconduct was at issue in Candelaria-Gonzalez, the Government's argument that the reversal was not primarily based on the improper questioning of the defense witnesses is inaccurate. This court stated that "[t]he convictions . . . are due to be reversed for the court's repeated allowance of inherently prejudicial cross-examination by the prosecutor," Candelaria-Gonzalez, 547 F.2d at 295. Thus, in Candelaria-Gonzalez, the repeated improper questioning was enough in and of itself to justify reversal.

In Candelaria-Gonzalez, the defense was based wholly on the credibility of the character witnesses, and the majority of those witnesses had been improperly questioned. Similarly, the Tenth Circuit has found that where character witnesses are very important to the defense, and all three are improperly questioned, the error was not harmless. United States v. Polsinelli, 649 F.2d 793, 798 (10th Cir. 1981). In contrast, where only two out of fourteen character witnesses have been improperly questioned, the error is harmless. United States v. Siers, 873 F.2d 747, 750 (4th Cir. 1989), cert. denied 113 S.Ct. 1064, 112 L. Ed. 2d 369 (1993). In the case before us, while the only witnesses called by the defense were character witnesses, these witnesses did not constitute the whole of Smith-Bowman's defense. Indeed, her strategy that her use of the American Red Cross credit card was entirely compatible with its issuance as a card of convenience for employees was developed through cross-examination of the prosecution's witnesses. Moreover, the evidence as a whole before the jury was sufficiently convincing of guilt

4

as to overcome any error committed by the government during its cross-examination of this one defense witness. Taking all the factors into consideration, we are not persuaded that any improper questioning of one character witness coupled with the complained of comments of the prosecutor made during closing argument amount to reversible error.

**Denial of motion to transfer venue**

Smith-Bowman also contends that the district court erred in denying her motion to transfer venue on the basis of prejudicial pretrial publicity, and erred in denying her motion without holding an evidentiary hearing. Reviewed for abuse of discretion, a defendant's motion alleges sufficient facts to warrant an evidentiary hearing when it is "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." United States v. Harrelson, 705 F.2d 733, 737 (5th Cir. 1983). Moreover, "[g]eneral or conclusory assertions, founded upon mere suspicion or conjecture, will not suffice." Harrelson, 705 F.2d at 737. In order for a defendant to justify a motion to transfer on the basis of prejudicial publicity, he must establish that prejudicial, inflammatory publicity "so saturated the community jury pool as to render it virtually impossible to obtain an impartial jury." United States v. Parker, 877 F.2d 327 (5th Cir.), cert. denied 493 U.S. 871, 110 S. Ct. 199, 107 L.Ed. 153 (1989).

Smith-Bowman did not allege with specificity that the San Angelo community had been saturated with negative media coverage of the charges against her. She did not include with her motion any copies of, or excerpts from, specific newspaper stories or television reports that focused on her, the charges against her, or the pending trial. Moreover, the district court questioned the prospective jurors during voir dire about their pretrial knowledge of the case, and of the ten members of the panel who had heard about the case, each said that they could base a verdict solely on the evidence presented in court, and none of them indicated that he had already formed an opinion concerning Smith-Bowman's guilt or innocence. Therefore, Smith-Bowman had not demonstrated that prejudicial publicity about her case rendered it virtually impossible to

5

obtain an impartial jury, and the district court did not abuse its discretion in denying the motion to transfer venue. Finding no error with regard to either the venue transfer motion or the questioning on cross-examination, we AFFIRM the lower court's decisions.