IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51106
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR MANUEL RUVALCABA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-98-CR-330-1-DB
- - - - - - - - - -
July 7, 1999

Before REAVLEY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

Victor Manuel Ruvalcaba appeals his jury conviction for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841. He argues that the district court erred by limiting his ability to cross-examine co-defendant and prosecution witness, Lorenzo Arreola, regarding the minimum sentence Arreola faced had he not plead guilty. He also asserts that the district court erred by allowing the Government to cross-examine Ruvalcaba regarding the plea agreement he reached in a prior conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Given the scope of cross-examination that was permitted, which included the fact that Arreola pleaded guilty to only one count of the indictment against him and that he expected some relief for his testimony, Ruvalcaba's Sixth Amendment rights were not violated, and the district court did not clearly abuse its discretion in not allowing this line of questioning.  See United States v. Restivo, 8 F.3d 274, 278 (5th Cir. 1993); United States v. Andrew, 666 F.2d 915, 924 (5th Cir. 1982).

Although the district court erred in allowing the Government to cross-examine Ruvalcaba about the dismissal of a count on which he was indicted as part of the plea agreement he reached in his prior conviction, see United States v. Tumblin, 551 F.2d 1001, 1004 (5th Cir. 1977), this error is subject to harmless error analysis.  See United States v. Smith-Bowman, 76 F.3d 634, 636 (5th Cir. 1996) (holding such error is subject to harmless error analysis and requires reversal only if it affects a defendant's substantial rights).  Considering the strength of the prosecution's case and the fact that the nature of the charge dismissed was not put in evidence, this error was harmless.  Therefore, the judgment of the district court is AFFIRMED.

AFFIRMED.