**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-5170**

———————

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

   v.

LARRY A. HILL,

         Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia. Margaret B. Seymour, District Judge. (3:08-cr-00734-MBS-1)

———————

Submitted: July 21, 2011        Decided: August 11, 2011

———————

Before KING and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael T. Hemenway, THE LAW OFFICES OF MICHAEL T. HEMENWAY, Charlottesville, Virginia, for Appellant. William N. Nettles, United States Attorney, Jeffrey Mikell Johnson, Robert F. Daley, Jr., Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Larry Hill of one count of perjury pursuant to 18 U.S.C. § 1623 ("Count 1"), and one count of obstruction of justice pursuant to 18 U.S.C. §§ 1503(a) and (b) ("Count 2"). Hill was sentenced to a total of 63 months' imprisonment. Hill's counsel filed an appeal raising six issues: (1) Whether Hill's grand jury testimony was constitutionally obtained; (2) Whether the district judge committed plain error in failing to recuse herself from Hill's trial; (3) Whether the district court abused its discretion in admitting evidence of Hill's past involvement with the Capital Consortium Group; (4) Whether the evidence was sufficient to support Hill's convictions; (5) Whether the indictment and jury instructions were impermissibly vague; and (6) Whether the government used Hill's invocation of the Fifth Amendment as evidence against him at trial. We reject all of Hill's contentions and affirm.

Hill first argues that the district court abused its discretion in permitting him to be prosecuted on the basis of testimony he gave after he attempted to invoke his right to silence. However,"[i]t is well established that a defendant cannot immunize acts of perjury through suppression of false statements that were taken in violation of the defendant's constitutional rights." United States v. Kennedy, 372 F.3d 686, 693 (4th Cir. 2004). Nor does Hill succeed on his claim that his

2

case falls into the narrow category of cases where a perjury conviction should be overturned because "the false statements were induced by prosecutorial misconduct so unfair as to amount to a denial of due process," id. at 695-96, as the only misconduct that he claims is the prosecutor's failure to grant him immunity or to seek a citation for contempt before indicting him for perjury.

In considering claims that a defendant's testimony was compelled in violation of the constitution, we must determine whether he was properly instructed before giving such testimony. See United States v. Bollin, 264 F.3d 391, 414 (4th Cir. 2001) (finding that proper warnings regarding a witness's Fifth Amendment rights "eliminate[] any possible compulsion to self-incrimination"). A witness is not permitted to invoke his right to silence in response to any question he does not want to answer. See Hoffman v. United States, 341 U.S. 479, 486 (1951) ("The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself . . . . It is for the court to say whether his silence is justified and to require him to answer if 'it clearly appears to the court that he is mistaken.") (internal citations omitted). Here, the record reflects that Hill was correctly instructed on his rights and ordered to answer only questions where he possessed no Fifth Amendment privilege.

Hill next argues that the district judge erred in failing to recuse herself from his criminal proceedings because she had presided over an earlier civil trial involving fraudulent conduct relevant to this case. As Hill did not raise this claim before the district court, we review for plain error. See United States v. Rooks, 596 F.3d 204, 210 (4th Cir. 2010). While recusal is appropriate any time the judge's impartiality might reasonably be questioned, see United States v. Mitchell, 886 F.2d 667, 671 (4th Cir. 1989), "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," see United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008)) (citing Liteky v. United States, 510 U.S. 540, 555 (1994)). See also Shaw v. Martin, 733 F.2d 304, 308 (4th Cir. 1984) (finding that a judge does not abuse his discretion by denying a recusal motion if the complaint is merely based upon the judge's rulings in the instant case or related cases or attitude derived from his experience on the bench). Consequently, Hill provides us with no reason to find that the district judge's failure to recuse constituted error, plain or otherwise.

Hill next argues that the district court violated Federal Rules of Evidence 401, 403, and 404 by admitting evidence of Hill's past associations with the Capital Consortium Group. These contentions are without merit. All of the disputed evidence was properly admitted because it was directly relevant

to the question at hand: whether Hill committed perjury before the grand jury. Furthermore, we find that the evidence was not unduly prejudicial, and was introduced only what was relevant and necessary to prove up the offenses charged in the instant case.

Hill next claims that the district court erred in denying his Rule 29 motion and his Motion for Judgment of Acquittal. When considering a challenge to the sufficiency of the evidence, we determine whether, "after viewing the evidence in the light most favorable to the prosecution, any trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "Reversal for insufficient evidence is reserved for 'the rare case where the prosecution's failure is clear.'" United States v. Ashley, 606 F.3d 135, 138-39 (4th Cir. 2010) (quoting United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997)). The record reflects that this is not such a rare case; rather, there was ample evidence presented at trial to support Hill's convictions.

Hill also argues that Counts 1 and 2 of the indictment were duplicitous and that he was subjected to double jeopardy. Again, we review this claim for plain error. See Rooks, 596 F.3d at 210. Because both of the charged offenses required proof of elements that the other did not, Hill was not subject to double jeopardy. See United States v. Siers, 873 F.2d 747, 750 (4th

5

Cir. 1989) (citing <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932)).

Hill's final contention is that it was improper for the government to indicate to him that his testimony before the grand jury was secret and then prosecute him for attempting to assert his right to remain silent. As the record was redacted to remove all references to the Fifth Amendment during Hill's grand jury testimony from appearing in Hill's trial, Hill's claim is again without merit.

We therefore affirm the judgment of the district court; we also deny Hill's motion for leave to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>