NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3140
_____

UNITED STATES OF AMERICA

v.

JAMES M. DWYER,
                    Appellant
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 03-cr-00155)
District Judge: Honorable Jerome B. Simandle
_____

Submitted Under Third Circuit LAR 34.1(a)
July 9, 2012

Before:  RENDELL, SMITH and BARRY, Circuit Judges

(Opinion Filed: July 20, 2012)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

James Dwyer was indicted on multiple counts of bank fraud and mail fraud, as

well as one count of bankruptcy fraud.  The indictment charged that Dwyer defrauded

several lenders by applying for loans using tax returns and accounting statements that

grossly overstated the financial health of his companies.  Dwyer pled not guilty and went

to trial. In defense, he blamed the reporting errors on the Chief Financial Officer of his companies, James McKeever, who died just as the fraud was being uncovered. According to Dwyer, McKeever prepared all of the financial documents and Dwyer simply signed them. Dwyer called more than 50 character witnesses in an attempt to show that he had a reputation for good character and honesty. He was convicted on all counts and now appeals.

He makes four primary arguments on appeal:

1. That the government violated his due process rights by cross-examining some of his character witnesses with questions requiring them to assume Dwyer's guilt;

2. That the District Court erred by admitting evidence that Dwyer had submitted false tax returns to procure loans a decade before the conduct charged in the instant case;

3. That the District Court admitted testimonial hearsay statements in violation of Dwyer's Sixth Amendment confrontation right; and

4. That the District Court erred by not specifically instructing the jury that, to convict him of making a material false statement in relation to a bankruptcy case, it had to be unanimous as to which statement he made that was knowingly false.

We will affirm the judgment of conviction.[1]

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

**I. Guilt-assuming hypothetical questions to reputation witnesses**

Dwyer elicited testimony from more than 50 witnesses that he had a good reputation in his community. The government questioned seven of those witnesses about whether Dwyer's reputation in the community would be different if it were known that Dwyer and/or his companies kept two sets of accounting books: one showing large profits and the other showing large losses. In a few instances, Dwyer's counsel objected on the ground that the question assumed that Dwyer himself kept the accounting books. Dwyer did not object on the ground that guilt-assuming hypotheticals were inappropriate. Since the argument he makes on appeal was not made before the District Court, we review for plain error. *See* Fed. R. Evid. 103(a)(1)(B) (requiring specific grounds for objection, unless otherwise apparent from context); *United States v. Iglesias*, 535 F.3d 150, 158 (3d Cir. 2008) (finding argument unpreserved for review when the appellant objected on different grounds in the district court than he advanced on appeal). To reverse a district court's judgment on plain error review, we must find: (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732 (1993).

Although we find that it was error for the District Court to allow this line of questioning, we do not believe that it constitutes reversible error, given our standard of review. We have noted that it is inappropriate to ask a reputation character witness to address a hypothetical such as the ones posed in Dwyer's trial. *United States v. Kellogg*, 510 F.3d 188, 196 (3d Cir. 2007). Such a witness has only been called to testify about

3

what he has heard in the community, so asking him how the community's opinion would change if certain additional information were known invites sheer speculation. *Id.* This error is plain in that it is "'obvious' or 'clear under current law.'" *United States v. Vazquez*, 271 F.3d 93, 100 (3d Cir. 2001) (en banc) (quoting *Olano*, 507 U.S. at 734).

To determine whether this error affected substantial rights, we must ask whether it caused the defendant prejudice by affecting the outcome of the district court proceedings. *United States v. Tann*, 577 F.3d 533, 538 (3d Cir. 2009). The defendant has the burden to make "a specific showing of prejudice" in this regard. *Id.* (quoting *Olano*, 507 U.S. at 735). Dwyer fails to make such a showing. Only six of Dwyer's more than 50 character witnesses were cross-examined in this way. *See United States v. Siers*, 873 F.2d 747, 749-50 (4th Cir. 1989) (finding error in use of guilt-assuming hypotheticals to cross-examine reputation witnesses, but adjudging error harmless because the improper questions were posed to only two of defendant's 14 character witnesses). Furthermore, the answers elicited were ambiguous and of minimal evidentiary value. We find that the error did not affect Dwyer's substantial rights.

## II. Other bad acts evidence

Before trial, the government filed a motion in limine to admit evidence that Dwyer had submitted false tax returns to secure residential mortgage loans in 1990 and 1991. Like the conduct charged in the indictment, the earlier loan applications involved the submission of tax returns containing a forgery of an accountant's signature. Unlike the conduct charged in the present indictment, the 1990 and 1991 loan applications predated Dwyer's relationship with McKeever. The government argued that the purpose of this

4

evidence was to rebut Dwyer's argument that he was duped by McKeever into signing and submitting false financial statements to lenders. Dwyer opposed this motion.

The District Court admitted the evidence pursuant to Federal Rule of Evidence 404(b), saying that the evidence was probative of Dwyer's knowledge, intent, and plan to commit the crimes with which he was charged in this case. The District Court noted that Dwyer's previous submission of false financial statements is probative of whether Dwyer's submission of false financial statements in this case was an innocent mistake. When the evidence was admitted at trial, the District Court gave a limiting instruction, telling the jury that it could only consider the evidence to assess Dwyer's knowledge, intent, and lack of mistake in the conduct charged in the indictment. The District Court also gave a limiting instruction in its final jury charge.

Dwyer argues that the evidence was used to show Dwyer's supposed criminal propensity and was thus improperly admitted. In support he points to the prosecution's closing statements, which referred to Dwyer as "a bad man found out" who had "stooped to his old tried and true bank fraud scheme." (App. 5060-61; 4894.) We review for abuse of discretion. *United States v. Morley*, 199 F.3d 129, 133 n.6 (3d Cir. 1999).

The District Court did not abuse its discretion by admitting the 404(b) evidence. Dwyer's previous submission of false tax returns to a lender are probative of his intent to commit the charged crimes (i.e., that he was not innocently associated with the real criminal) and his knowledge of how such a scheme could be effectuated. *United States v. Boone*, 279 F.3d 163, 187 (3d Cir. 2002). Dwyer argued that it was McKeever who prepared the false documents, but the prior bad acts predated Dwyer's working

5

relationship with McKeever by several years. Therefore, the 404(b) evidence shows more than that Dwyer has a criminal propensity: it shows that he knew how to orchestrate exactly the kind of crime with which he was charged in this case and tends to show that his conduct was not an innocent mistake. *Id.* The District Court gave adequate limiting instructions.[2] We therefore reject Dwyer's claim of error.

### III. Right to confrontation

Dwyer also argues that the District Court erred by allowing the government to elicit testimonial hearsay at trial, in violation of Dwyer's Sixth Amendment right to confront the witnesses against him. We exercise plenary review over the question whether a statement is hearsay, and review for abuse of discretion a district court's application of hearsay exceptions. *United States v. Price*, 458 F.3d 202, 205 (3d Cir. 2006). Whether the admission of particular evidence violates a defendant's right to confrontation is a legal question which we review de novo. *United States v. Hendricks*, 395 F.3d 173, 176 (3d Cir. 2005).

One issue at trial was whether Dwyer defrauded National Penn Bank by ordering deposit checks for properties his companies were developing to be held uncashed, rather than deposited into escrow with the title company, Ocean Abstract, as required by the

---

[2] Defense counsel did not object to the prosecutor's "bad man found out" comment. (App. 5060-61.) This comment, though inappropriate, was isolated and did not deprive Dwyer of a fair trial. *United States v. Riley*, 621 F.3d 312, 339 (3d Cir. 2010). Dwyer's lawyer did object to the "tried and true bank fraud scheme" comments. (App. 4894.) He sought and received a curative instruction specifically related to that remark, in addition to the District Court's instructions on the limited purpose for which the 404(b) evidence had been admitted. We find no reversible error in the District Court's handling of this matter.

terms of the loan.  The government called as a witness Deborah Constant, a secretary at Ocean Abstract.  She testified that after Dwyer spoke with Joel Mott, her boss, Mott told her:

> [T]he contracts were to stay in one folder, they were not to be processed as sales.  They were to be just put in a manila folder with a deposit check attached to them, they were not to be deposited.  They were not to going [sic] anywhere, they were just to stay in the folder not as real sales.

(App. 3541.)  Furthermore, she testified that "[u]nder normal circumstances, when a check came in, [Mott] would tell [her] what to process and how to process it, that was the business of the title company."  (App. 3541.)  Dwyer objected on hearsay grounds and the District Court permitted Constant to testify as to "the manner in which she handled the deposit checks . . . and the fact that Joel Mott instructed her to do it that way."  (App. 3543.)  Dwyer renewed his objection in a post-trial motion, this time arguing that the admission of the testimony violated Dwyer's constitutional right to confront the witnesses against him.  The Court denied that motion.

William Saldutti, a collection agent for Third Federal Savings Bank, testified about a conversation he had with a waitress at the Flanders Grille, one of the businesses for which Dwyer's company had procured a loan from Third Federal.  Over Dwyer's hearsay objection, Saldutti was allowed to offer the following testimony:

> Well, my first—there were very few people in there. And then I asked her how's business. She said not great. And I said does it get busy.  She said sometimes at night we have more people, but this is it.  And that was the substance of the conversation.

(App. 3180.)  Again, Dwyer renewed his objection in a post-trial motion, this time invoking his constitutional right to confront the witnesses against him.  The District Court

concluded that those statements were not hearsay because they were made by an agent of one of Dwyer's companies. Fed. R. Evid. 801(d)(2)(D). Even if the statements were hearsay, the District Court held, they were non-testimonial and thus did not violate Dwyer's Sixth Amendment right to confrontation.

Constant's testimony was not hearsay. She testified about what Mott instructed her to do and the fact that these instructions followed Mott's meeting with Dwyer. "Instructions to an individual to do something are . . . not hearsay because they are not declarations of fact and therefore are not capable of being true or false." *United States v. Reilly*, 33 F.3d 1396, 1410 (3d Cir. 1994) (citations and internal quotation marks omitted). For similar reasons, Mott's statement to Constant was not testimonial and therefore did not violate Dwyer's Sixth Amendment right to confrontation.

Saldutti's testimony likewise was non-testimonial.[3] Dwyer admits that the waitress whose statements Saldutti testified to was unaware that Saldutti was anything other than a restaurant patron casually asking about the restaurant's volume of business. This is a far cry from the types of statements recognized as testimonial by the Supreme Court. *See Crawford v. Washington*, 541 U.S. 36, 51-52 (2004) (describing "core class" of testimonial statements).

### IV. Unanimity instruction

In charging Dwyer with bankruptcy fraud, the government pointed to several different statements he made during a deposition for his bankruptcy case that, it alleged,

---

[3] Dwyer does not contest the District Court's determination that Saldutti's testimony was non-hearsay pursuant to Federal Rule of Evidence 801(d)(2)(D).

were material misrepresentations. After deciding that there was insufficient evidence that one of the statements was material, the District Court instructed the jury about the remaining statements that undergirded the bankruptcy fraud charge. The District Court instructed the jurors that "the United States must prove each of the[] elements [of bankruptcy fraud] with respect to at least one of the three allegedly false statements charged in Count Ten [of the indictment]." (App. 4866.) It also gave a general instruction that the jury's verdict must be unanimous. Dwyer did not object to these instructions at trial, so we review for plain error. *United States v. Dobson*, 419 F.3d 231, 236 (3d Cir. 2005).

Dwyer argues that the District Court committed plain error by failing to instruct the jurors that they were required to agree unanimously that the government proved its case with respect to the *same* false statement. He argues that there was a real possibility that all the jurors believed that Dwyer made a fraudulent statement in his deposition but that not all of the jurors agreed *which* statement was fraudulent.

A specific unanimity instruction (e.g., telling jurors that they need to be unanimous about the way in which an offense was committed) is necessary only when "the jury is likely to be confused as to whether it is required to be unanimous on an essential element." *United States v. Cusumano*, 943 F.2d 305, 312 (3d Cir. 1991). In the "routine case" a "general unanimity instruction will ensure that the jury is unanimous on the factual basis for a conviction, even where an indictment alleges numerous factual bases for criminal liability." *Id.* (quoting *United States v. Beros*, 833 F.2d 455, 460 (3d Cir. 1987)). On plain error review, Dwyer has the burden to make "a specific showing of

9

prejudice" from any alleged error in the district court.  *Tann*, 577 F.3d at 538  (quoting

*Olano*, 507 U.S. at 735).  He fails to meet that burden here.

Having considered and rejected all of Dwyer's arguments for vacating the

judgments of conviction and sentence entered against him, we will affirm.