# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30305
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2015

Lyle W. Cayce
Clerk

BRANDON SCOTT LAVERGNE,

Plaintiff-Appellant

v.

HERMAN CLAUSE,

Defendant-Appellee

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CV-2147

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Brandon Scott Lavergne, Louisiana prisoner # 424229, pleaded guilty to two counts of first degree murder for the murders of Michaela Shunick and Lisa Pate. Thereafter, Lavergne filed a civil rights complaint against Fifteenth Judicial District Judge Herman Clause. The district court dismissed the complaint as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and, alternatively, for failure to state a claim because Judge Clause was entitled to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30305

absolute immunity.    Additionally, the district court dismissed Lavergne's claims he asserted under Louisiana state law without prejudice.

This court reviews a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo, applying the same standard that is used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998) (per curiam).    Questions of whether a defendant is entitled to immunity are likewise reviewed de novo. *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam).

On appeal, Lavergne contends that the district court erred in dismissing his complaint before allowing him the opportunity to amend his complaint. However, Lavergne has not challenged the district court's determination that Judge Clause is entitled to absolute immunity, or that it should not exercise supplemental jurisdiction over his state law claims.    Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them.    *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Additionally, Lavergne has failed to identify material facts he would have included in an amended complaint that would have cured the deficiencies in his complaint.  *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam); *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (per curiam). Lavergne has therefore failed to show that the district court abused its discretion in denying Lavergne's motions to amend his complaint.  *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013); *United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009) (per curiam).

Further, contrary to Lavergne's assertions, *Heck* applies to his claims for declaratory and injunctive relief as well as damages under § 1983. *See Clarke v. Stalder*, 154 F.3d 186, 190–91 (5th Cir. 1998) (en banc). It was also not an error to dismiss the Heck-barred claims with prejudice. *See Johnson v.*

No. 14-30305

*McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam). In this same vein, the district court did not abuse its discretion in denying Lavergne's motion to appoint counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 212–13 (5th Cir. 1982). Finally, to the extent Lavergne raises new claims on appeal, we do not address them. *See Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006) (per curiam).

Lavergne's motion to appoint counsel is DENIED, and the district court's judgment is AFFIRMED.