**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-30549

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK JOHNSON,

Defendant-Appellant.

(consolidated with)

99-30586

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWN BERNARD WOODS; KEVIN
JERMAINE PICKENS; AMEILE BROWN;
CRAIG ANTHONY MARKS; TROY
ANTHONY MARKS,

Defendants-Appellants.

Appeals from the United States District Court
for the Western District of Louisiana

September 19, 2001

Before POLITZ and BARKSDALE, Circuit Judges, and FALLON,[*] District Judge.

POLITZ, Circuit Judge:

Shawn Bernard Woods, Kevin Jermaine Pickens, Ameile Brown, Craig Anthony Marks, and Troy Anthony Marks appeal their convictions and sentences on various counts of drug possession, conspiracy, and related charges. Patrick Johnson appeals the sentence imposed on his plea of guilty. Concluding that the court's order prohibiting Troy Marks from discussing the case with his counsel during an overnight recess and a weekend recess violated his sixth amendment right to counsel, we reverse his conviction and order a new trial. The sentence imposed on Patrick Johnson and the convictions and sentences of the other appellants are affirmed.

## BACKGROUND

Appellants and four other individuals were charged in a 49 count indictment with violations of narcotics statutes and related offenses.[1] After the other defendants

---

[*]Honorable Eldon E. Fallon, United States District Judge for the Eastern District of Louisiana, sitting by designation.

[1] The counts included conspiracy to possess with intent to distribute cocaine powder, cocaine base, and marihuana in violation of 21 U.S.C. § 846; possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1); conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h); money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I) and (a)(1)(B)(I); interstate travel in aid of illegal activity in violation of 18 U.S.C. § 1952(a)(1); use of a communications facility in violation of 21 U.S.C. § 843(b); possession of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); and discharge of a firearm in a

pleaded guilty the case proceeded to trial. The evidence adduced implicated the appellants in an intricate network of drug transportation, distribution, and sale. This process included the use of wire transfers, the purchase of assets in other people's names, and the creation of a corporation allegedly used to hide appellants' burgeoning wealth. The group operated over separate regions of Louisiana, including Lafayette, Opelousas, Leesville, and Lake Charles. Appellants' activities eventually attracted the attention of the FBI and IRS who created a joint investigatory task force. This led to the use, *inter alia*, of pen registers and a wiretap on Troy Marks' telephone. Further surveillance and investigation led to appellants' arrest, indictment, trial, and conviction of various counts. This timely appeal followed.

## ANALYSIS

Each defendant raises numerous issues on appeal, including challenges to the sufficiency of evidence, alleged errors in the court's evidentiary rulings, denial of a defense motion for mistrial, and claims that a court order violated appellants' rights under the sixth amendment. We address the one we view most seriously.

### I.     Sixth Amendment Right to Counsel

Troy Marks began testifying on the ninth day of trial, and while still under direct examination by his attorney, the judge called a recess for the evening. As he had done

---

school zone in violation of 18 U.S.C. § 922(3)(A).

3

with non-party witnesses, the judge ordered Marks not to talk with anyone about the case until after he completed his testimony. The record reveals the following discussion between the court and Marks' attorney:

> COURT: The record will reflect that the jury has withdrawn from the courtroom. Mr. Marks and counsel, no one is to talk to Mr. Marks about this case until he has completed his testimony, either side. Lawyers – Mr. Marks, I'm talking about lawyers, I'm talking about any codefendants and whatnot. Talk about whatever, the weather or what's going on in the NBA, or whatever, but don't talk about the case.
>
> ATTORNEY AT LAW: I can talk to him, Judge.
>
> COURT: No sir, you can't. Not while he's under examination you can't. We just stopped in the middle of his examination.
>
> ATTORNEY AT LAW: Very well.

The following day, during cross-examination of Marks by the prosecution, the Court again recessed, this time for the weekend. The court made the same sequestration order and, during a discussion regarding the attorneys' problems with seeing their clients at the jail, the following exchange took place:

> ATTORNEY AT LAW: I wanted to go and – I can't talk to him at all. His relatives can't talk [to] him. He's in this trial

4

> for his life. Somebody
> ought to be able to. He
> should be able to talk to
> somebody.

COURT: You can't talk to him Mr. Register because there will be no reason for you to talk to him other than talk to him about the case.

ATTORNEY AT LAW: Exactly.

COURT: You can't do that while he's under examination. As soon as his examination has been completed, cross and any redirect and completed, then you can talk to him all you want to. Now, do I understand that they're not going to let you call him next week after he's completed his examination?

ATTORNEY AT LAW: I have had no problem.

Troy Marks urges error in the court's sequestration orders, asserting that the ban on communication with his counsel violated his rights under the sixth amendment. We are compelled to agree.

The sixth amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."[2] The Supreme Court defined the contours of this right in Geders v. United States,[3] holding

---

[2] U.S. CONST. amend. VI.

[3] 425 U.S. 80 (1976).

that "an order preventing petitioner from consulting his counsel 'about anything' during a 17-hour overnight recess between his direct- and cross-examination impinged upon his right to the assistance of counsel guaranteed by the Sixth Amendment."[4]  The Court discussed "the rule," a sequestration order barring a witness from discussing the case with anyone and removing them from the courtroom while other witnesses are testifying, and found that its rationale failed to support applying it to party witnesses. The court stated:

> A sequestration order affects a defendant in quite a different way from the way it affects a nonparty witness who presumably has no stake in the outcome of the trial. A nonparty witness ordinarily has little, other than his own testimony, to discuss with trial counsel; a defendant in a criminal case must often consult with his attorney during the trial.  Moreover, "the rule" accomplishes less when it is applied to the defendant rather than a nonparty witness, because the defendant as a matter of right can be and usually is present for all testimony and has the opportunity to discuss his testimony with his attorney up to the time he takes the witness stand.[5]

The Court also noted that there were other ways to deal with improper coaching, including rigorous cross-examination designed to ferret out those attorneys who cross

---

[4]  Id. at 91.

[5]  Id. at 88.

the ethical line between discussing testimony and seeking to influence it.[6]

The Court clarified the confines of the <u>Geders</u> rule in <u>Perry v. Leeke</u>,[7] holding that an order barring the defendant from consulting with his attorney during a recess lasting "a few minutes" passed constitutional muster. The Court indicated that during such recesses "in which it is appropriate to presume that nothing but the testimony will be discussed, the testifying defendant does not have a constitutional right to advice." The <u>Perry</u> opinion notably also held that a showing of prejudice is not an essential component of establishing a violation of the <u>Geders</u> rule.[8]

Finally, we addressed the <u>Geders</u> rule in <u>United States v. Conway</u>,[9] where we held that "depriving a criminal defendant of the right to consult with counsel during court recesses- regardless of how brief the recesses may be- violates the constitutional right to effective assistance of counsel."[10] Consistent with the teachings of <u>Perry</u>, this broad language may not be read to cover all recesses, but it still reflects the view of this

---

[6] <u>Id.</u> at 89-91 & n.3.

[7] 488 U.S. 272 (1989).

[8] <u>Id.</u> at 278-79.

[9] 632 F.2d 641 (5th Cir. 1980), <u>overruled</u> <u>by</u> <u>Crutchfield v. Wainwright</u>, 803 F.2d 1003 (11th Cir. 1986).

[10] <u>Id.</u> at 645.

circuit that the constitutional right to counsel warrants the most zealous protection.

We find the situation at bar indistinguishable from Geders. On two occasions the judge prohibited Troy Marks from discussing the case with his counsel during recesses, despite the fact that both recesses involved long periods of time akin to or in excess of the overnight recess in Geders. As recognized by the Supreme Court:

> Such recesses are often times of intensive work, with tactical decisions to be made and strategies to be reviewed. The lawyer may need to obtain from his client information made relevant by the day's testimony, or he may need to pursue inquiry along lines not fully explored earlier. At the very least, the overnight recess during trial gives the defendant a chance to discuss with counsel the significance of the day's events.[11]

By preventing Marks from talking with his attorney during the overnight recesses, the court deprived Marks of "the guiding hand of counsel at every step in the proceedings against him."[12] The court's order was not limited to Marks' on-going testimony and the significance, if any, of such a limitation is not before us.

The government asserts that Geders provides no relief for Marks because neither he nor his counsel objected to the court's order. It cites Crutchfield v. Wainwright, where our brethren in the Eleventh Circuit held that "a defendant or the defendant's

---

[11] Geders, 425 U.S. at 88.

[12] Powell v. Alabama, 287 U.S. 45, 68-69 (1932).

8

counsel must indicate, on the record, a desire to confer in order to preserve a deprivation of assistance of counsel claim."[13]  We need not address the adoption of such a rule in this circuit, however, because the record reflects that Marks' counsel, before both recesses, made clear his desire to confer with Marks before court resumed and was ordered to do otherwise.

Initially, after the court recessed during Marks' direct testimony, the court ordered Marks not to discuss the case with anyone.  Marks' counsel countered, "I can talk to him, Judge," to which the court responded "no sir, you can't."  While counsel subsequently agreed to comply with the court's order by stating "very well," his initial statement in response to the judge's order underscored his desire to confer with his client.

With respect to the sequestration order given during the cross-examination of Marks, counsel also made clear his desire to confer with his client.  After the court again informed Marks not to speak with anyone about the case, a discussion ensued about problems the attorneys were having with seeing their clients at the jail.  The court told counsel that the only reason for speaking with Marks would be to discuss the case, to which counsel responded "exactly."  This clearly evinced counsel's desire to confer with Marks about the case over the weekend, especially in light of the court's

---

[13]  803 F.2d 1103, 1109 (11th Cir. 1986).

instruction directing counsel not to speak with Marks until after the conclusion of his testimony. This proscription on trial counsel's ability to confer with his client, as much as either of the two deemed necessary, is constitutionally unacceptable.

We do not find these requests inadequate merely because counsel failed to preface his remarks with the magic words, "I object," or because counsel, during the second colloquy, also expressed concern over Marks' inability to see his family. The record clearly reflects counsel's desire to confer with his client and the court's directives restricting Marks' access to his counsel during the overnight and weekend recesses. We find these restrictions violative of Troy Marks' sixth amendment right to the assistance of counsel.

## II.    Pickens and Brown's Challenge to Marks' Sequestration Order

Appellants Pickens and Brown also urge error in the court's orders barring Troy Marks from speaking with his counsel. They claim that because of their "alleged close association with Troy marks in the conspiracy," any violation of his sixth amendment rights prejudiced their right to a fair trial and due process. The right to the assistance of counsel, however, is a personal right and Pickens and Brown lack standing to urge

10

its violation.[14]

### III. Remaining Issues on Appeal

A detailed review of the record, oral arguments of counsel, and the relevant authorities persuades that the remaining issues raised by appellants present no grounds for reversible error. Accordingly, for the reasons stated herein, the convictions of Troy Marks are REVERSED and the matter is remanded for further appropriate proceedings. The sentence given to Patrick Johnson and the convictions and sentences of Shawn Bernard Woods, Kevin Jermaine Pickens, Ameile Brown, and Craig Anthony Marks are AFFIRMED.

---

[14] See Faretta v. California, 422 U.S. 806, 819-20 (1975); United States v. Partin, 601 F.2d 1000 (9th Cir. 1979).

RHESA HAWKINS BARKSDALE, specially concurring:

I concur in the result reached by the majority and in all but part I. of the "Analysis" in its opinion. For part I., which concerns the denial of assistance of counsel for Troy Marks, I cannot agree with the *ratio decidendi*, especially the conclusion that the issue was adequately raised (preserved) in district court. It goes without saying that Troy Marks' counsel should have stated far more clearly his position (objection) concerning not being allowed to confer with his client during the two lengthy recesses. On the other hand, even reviewing the issue in the light most deferential to the Government and, accordingly, *assuming* that the issue was *not* preserved in district court; *assuming* that only a plain error standard of review would apply (discretion to correct obvious error that affects substantial rights and, *inter alia*, the fairness of the proceeding); and *even assuming* that, based on this record, a ***Geders*** violation, for the two instances at issue, *did not automatically* affect a substantial right for purposes of such review, I would still reverse Troy Marks' conviction because, on this record, there was an obvious error that affected his substantial rights (Sixth Amendment assistance of counsel) and the fairness of this proceeding and, as a result, it is within our discretion to correct this error. *See, e.g.,* ***United States v. Olano***, 507 U.S. 725, 732-37 (1993); ***Perry v. Leeke***, 488 U.S. 272, 278-80 (1989); ***Geders v. United States***, 425 U.S. 80, 88-91 (1976).