## In the MATTER OF APPROXIMATELY $80,600.00

NO. 01-14-00424-CV, NO. 01-15-00874-CV

Court of Appeals of Texas,
Houston (1st Dist.).

Opinion issued October 3, 2017

R. Scott Shearer, 917 Franklin, Suite 320, Houston, Texas 77002, for Appellant.

Kim Ogg, District Attorney—Harris County, 1201 Franklin, Suite 600, Houston,

TX - 77002, Dan McCrory, Assistant District Attorney, Harris County, Texas, 1201 Franklin, Suite 600, Houston, TX 77002, for Appellee.

Panel consists of Justices Jennings, Higley, and Massengale.

## OPINION

Laura Carter Higley, Justice

In two separate actions, Abraham Fisch sought to recover money taken from him based on the State's claim that the money had been stolen. The trial court denied, in both actions, Fisch's request to have the money returned to him. In one action, the trial court ordered the money be returned to a third party. In four issues on appeal, Fisch argues the trial court abused its discretion by denying his request for the money to be returned to him because (1) the seizure violated his client's right to counsel, (2) he had a superior right to possession of the money, (3) the money was seized in violation of his Fourth Amendment right against unlawful search and seizures, and (4) the order in one of the actions is void because the trial court acted outside its plenary power.

We affirm in both causes.

## Background

On March 4, 2008, Dennis Pharris retained Fisch to defend him against a criminal indictment for theft (the "First Theft Cause"). Under the retention agreement for that cause, Pharris agreed to pay Fisch in installments for a fixed-fee, non-refundable retainer for Fisch's representation. The total amount owed depended on whether the second payment was made promptly and whether the cause went to trial.

Around November 3, 2008, Pharris wrote a check to Fisch for $80,600. Fisch deposited the money into an IOLTA account held by his law practice.

Pharris was later indicted with another offense of theft (the "Second Theft Cause"), and Pharris retained Fisch to represent him in that cause as well.[1] In the Second Theft Cause, the State alleged that Pharris stole money from Vic Patel. Around the time of the Second Theft Cause, the State charged Pharris with some other crimes. During this time period, Fisch represented Pharris in at least two other matters.

During a bond hearing for the Second Theft Cause in April 2009, the State offered evidence that the $80,600 Pharris paid Fisch for representation in the First Theft Cause came from funds that the State alleged Pharris stole from Patel. After the hearing, Fisch moved money from the IOLTA account into a new account opened under his name. The State obtained a warrant and seized approximately $80,600 from this new account.

The State filed a motion in the Second Theft Cause, asking the court to release the seized money to whoever had the superior right of possession of the money. Fisch and Pharris filed a joint motion, requesting that the money to be returned to Fisch. They argued that Fisch had the superior right of possession.

The trial court held a hearing on the motion on March 4, 2010. At the hearing, Fisch admitted on the stand that, when he received the money from Pharris and placed it in an IOLTA account, the money belonged to Pharris. He also testified that the money was not his until it was earned. He acknowledged that he had not brought

---

1. The Second Theft Cause is the same cause number (1210228) for one of the appellate cause numbers under review (01-15-00874-CV).

any documentation to establish when any of the money was earned. Instead, he explained that proof of his earning the money would come from his testimony. Fisch testified that he had earned the money before he learned it was stolen, but he did not provide any specific information to support this assertion.

Fisch also testified at the hearing that he had placed the money received from Pharris in an IOLTA account. He testified that he kept the money received from Pharris in this account until he earned it. Fisch identified only two withdrawals of the funds received from Pharris before money from his account was seized. Fisch said one withdrawal for $14,000 came from the money received from Pharris but provided no support for this assertion.

The second withdrawal occurred shortly after the bond hearing, during which Fisch learned that the money he received from Pharris had been stolen. Fisch testified that he believed he had earned all of the money received by Pharris at that point. He also testified that all of the money withdrawn on this second withdrawal was for money that he claimed was earned.

At the conclusion of the hearing, the trial court denied Fisch and Pharris's motion to return the money to Fisch.

On December 4, 2013, Pharris pleaded guilty in the Second Theft Cause. As of that date, the trial court had not determined who had the superior right of possession.

In February 2014, Fisch filed an independent action for release of the seized money (the "Independent Action").[2] The action was filed with the same court as the Second Theft Cause. In that action, Fisch again alleged that he had the superior right to possession of the money and that,

accordingly, the money should be returned to him. Fisch argued that the trial court's plenary power to determine the right of possession had expired under the Second Theft Cause. As a result, Fisch urged the trial court to determine the superior right of possession under his Independent Action.

The State prepared a response. It filed the response in both the Independent Action and the Second Theft Cause. The State argued that the trial court had not lost plenary power to determine the rightful owner of the property in the Second Theft Cause and urged the trial court to rule that the money should be returned to Patel.

The State attached to its response an affidavit from an investigator in the Consumer Protection Section of the Harris County District Attorney's Office. In the affidavit, the investigator averred that the money withdrawn from Fisch's IOLTA account during this second withdrawal was moved into a new account opened in Fisch's name.

The trial court held a hearing. At the conclusion of the hearing, the trial court denied Fisch's petition in the Independent Action and awarded the property to Patel under the Second Theft Cause.

### Superior Right to Possession

In his second issue on appeal, Fisch argues the evidence is legally and factually insufficient to support the determination that the money should be returned to Patel. Fisch argues that he established that he had a superior right to possession of the money.

---

**2.** The Independent Action is the same cause number (1417446) for one of the appellate cause numbers under review (01-14-00424-CV).

## A. Standard of Review

When the appellate record includes the reporter's record, the trial court's factual findings, whether express or implied, may be challenged for legal and factual sufficiency. *See McMahon v. Zimmerman*, 433 S.W.3d 680, 691 (Tex. App.—Houston [1st Dist.] 2014, no pet.). We review the sufficiency of the evidence supporting a trial court's challenged findings of fact by applying the same standards that we use in reviewing the sufficiency of the evidence supporting jury findings. *See Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994).

When deciding a legal-sufficiency challenge, we view the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *Id.* at 827. The evidence is legally sufficient if it would enable a reasonable and fair-minded person to reach the verdict under review. *Id.*

## B. Analysis

Before the criminal trial in the Second Theft Cause, the State filed a motion in that cause for the disposition of the stolen property. *See* Tex. Code Crim. Proc. Ann. art. 47.02(b) (West Supp. 2016) (authorizing trial court, on written consent of prosecuting attorney, to determine right of possession of property when criminal case is pending). Fisch filed a motion, asking the trial court to determine that he had the superior right to possession. The trial court denied the motion but did not otherwise determine right to possession.

After Pharris pleaded guilty in the Second Theft Cause, Fisch filed his Independent Action, again seeking the determination that the money should be returned to him. *See* Tex. Code Crim. Proc. Ann. art. 47.01a(a) (West 2006) (authorizing trial court to determine right of possession of property when criminal a case is not pending). The State filed a response under both the Second Theft Cause and the Independent Action, opposing returning the money to Fisch. The State argued that, instead, the money rightfully belonged to Patel, the person from whom Pharris had stolen the money. Fisch challenges the trial court's rulings in both actions.

As an initial matter, we must determine who had the burden of proof before the trial court. "In the usual and ordinary case the burden of proof is ... imposed on the plaintiff ... because he asks for action on his behalf from the court, either preventive or in the nature of redress." *Pace Corp. v. Jackson*, 155 Tex. 179, 284 S.W.2d 340, 350 (1955). The party seeking a change in the status quo is the one who bears the burden. *See id.*; *Gonzalez v. Razi*, 338 S.W.3d 167, 170 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). In both actions, Fisch petitioned the trial court to order the money to be returned to him. Accordingly, because he sought the money to be returned to him, Fisch bore the burden of proving that he was the rightful owner of the money. *See Pace Corp.*, 284 S.W.2d at 350; *Gonzalez*, 338 S.W.3d at 170.

It is undisputed that the money Fisch received from Pharris was stolen. One who acquires stolen property does not acquire its title. *H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 508 (Tex. App.—Fort Worth 2012, no pet.). Title remains with the original owner, who can recover the property or its value from whomever has received it. *Sinclair Hous. Fed. Credit Union v. Hendricks*, 268 S.W.2d 290, 295 (Tex. Civ. App.—Galveston 1954, writ ref'd n.r.e.). The exception to this rule is for

money. *See id.*; *Tri-State Chems., Inc. v. W. Organics, Inc.*, 83 S.W.3d 189, 195 (Tex. App.—Amarillo 2002, pet. denied) (holding "as to personalty *other than money*, a thief cannot pass good title" (emphasis added)). "One who receives money which has been illegally obtained by a third party in due course of business, in good faith, and for valuable consideration, can keep it without liability to him from whom it was stolen." *Sinclair Hous.*, 268 S.W.2d at 295.

■ Pharris retained Fisch for representation in the First Theft Cause. Pharris and Fisch entered into a retention agreement. Pursuant to that agreement, Pharris paid Fisch $80,600 around November 3, 2008. Fisch deposited the money into an IOLTA account.

Pharris was charged with theft in the Second Theft Cause in April 2009. During a bond hearing for the Second Theft Cause, the State offered evidence that the $80,600 Pharris paid Fisch for representation in the First Theft Cause came from funds that the State alleged Pharris stole from Patel. After the hearing, Fisch moved money from the IOLTA account into a new account opened under his name. The State obtained a warrant and seized approximately $80,600.

The State argues that Fisch did not receive the money in good faith because he learned of the stolen nature of the money before he moved it out of the IOLTA account. At the hearing when he first sought the return of the money under the Second Theft Cause, Fisch admitted on the stand that, when he received the money from Pharris and placed it in an IOLTA account, the money belonged to Pharris.[3] *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) ("A

judicial admission that is clear and unequivocal has conclusive effect and bars the admitting party from later disputing the admitted fact."). He also testified that the money was not his until it was earned. *See id.*

For proof that the money was earned before he learned that the money was stolen, Fisch acknowledged that he had not brought any documentation to establish when any of the money was earned. Instead, Fisch acknowledged that the sole source of this information would come from his testimony. Fisch testified that he had earned the money before he learned it was stolen. He did not otherwise support this assertion, however. He did not testify about the hours he worked within any specific time period, the work performed, or any billable rate agreed to by the client.

Even if Fisch's bare assertion that he had earned the money could support a determination that he had a superior right to possession, it does not compel such a determination. The trial court could have determined that Fisch's testimony was not credible, and we must defer to that determination. *See City of Keller*, 168 S.W.3d at 827.

Fisch also argues in this issue that the State failed to establish that the money it seized was the same money received from Pharris. Fisch argues in his brief, "After so many months and so many transactions through both accounts, there is no logical way to say that the money seized from Attorney Fisch's bank operating account is the same money initially deposited in Attorney Fisch's IOLTA account." Fisch testified at the March 4, 2010 hearing that he had placed the money received from Pharris in an IOLTA account. He also testified that he kept the money from Pharris in

---

**3.** On appeal, Fisch does not challenge the proof that the money was stolen. He only challenges whether he was aware that it was stolen before he acquired it.

this account until he earned it. During cross examination by the State, Fisch discussed deposits and withdrawals from this account.

Fisch identified only two withdrawals of the funds received from Pharris before money from his account was seized. Fisch said one withdrawal for $14,000 came from the money received from Pharris. Fisch presented no support for this assertion, however. Nothing in the record establishes that the trial court was compelled to believe this statement. *See id.*

The second withdrawal occurred shortly after the bond hearing, during which Fisch learned that the money he received from Pharris had been stolen. Fisch testified that he believed he had earned all of the money received by Pharris at that point. He also testified that all of the money withdrawn on this second withdrawal was for money that he claimed was earned.

The record contains an affidavit from an investigator in the Consumer Protection Section of the Harris County District Attorney's Office. In the affidavit, the investigator averred that the money withdrawn from Fisch's IOLTA account during this second withdrawal was moved into a new account opened in Fisch's name. In addition, the money was seized five days after it was moved into the new account, and there is no indication that the money from Pharris left the second account once it was deposited. We hold there is sufficient evi-

dence in the record that the money seized was the money received from Pharris.

■ We hold that the evidence is legally and factually sufficient to support the trial court's denial of Fisch's claim that he had a superior right to possession of the money.[4] We overrule Fisch's second issue.[5]

### Constitutional Violations

In his third issue, Fisch argues that the money was seized in violation of his Fourth Amendment right against unlawful search. In his first issue, Fisch argues the State's seizure of the money violated his client's right to counsel.

### A. Search and Seizure

Fisch argues that the seizure of the money by a search warrant violated his Fourth Amendment right against unlawful search and seizures because article 47.02 does not authorize the issuance of a warrant. *See* U.S. CONST. amend. IV.

The State correctly points out that it did not obtain the warrant pursuant to article 47.02. Instead, it obtained the warrant pursuant to article 18.02 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 18.02(a)(1) (West 2016).

We overrule Fisch's third issue.

### B. Right to Counsel

■ Fisch argues the State's seizure of the money violated his client's right to

---

4. Also in his second issue, Fisch argues that Chapter 47 of the Texas Code of Criminal Procedural denied him his constitutional right to a trial by jury. Fisch raises a similar argument in his third issue. Fisch does not identify anywhere in the record where he raised this objection to the trial court and obtained a ruling. *See* TEX. R. APP. P. 33.1(a) (requiring party to present complaint to trial court and to obtain ruling in order to preserve issue for appeal); *In re D.R.*, 177 S.W.3d 574, 580 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (holding right to

jury trial waived by failure to object to bench trial).

5. The trial court signed two orders—one under each cause number—denying Fisch's request to have the money returned to him. Because we affirm this ruling, we do not need to reach Fisch's fourth issue, arguing that the trial court lacked plenary power to issue the order under one of those orders, the Second Theft Cause. *See* TEX. R. APP. P. 47.1.

counsel. *See* U.S. CONST. amend. VI. Sixth Amendment rights are personal. *Pointer v. Texas*, 380 U.S. 400, 406, 85 S.Ct. 1065, 1069, 13 L.Ed.2d 923 (1965). Personal rights can only be asserted by the person possessing them; a third party cannot assert them for the third party's benefit. *See United States v. Johnson*, 267 F.3d 376, 380 (5th Cir. 2001) (holding, because Sixth Amendment rights are personal, appellants lacked standing to assert its violation against another party); *accord Edwards v. State*, 497 S.W.3d 147, 160 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (holding, because Fourth Amendment rights are personal, they can only be asserted by party possessing them). Accordingly, Fisch cannot assert his client's Sixth Amendment rights for Fisch's benefit. *See Johnson*, 267 F.3d at 380.

We overrule Fisch's first issue.

## Conclusion

We affirm the trial court's judgment in both causes.