# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 4, 2020

Lyle W. Cayce
Clerk

No. 18-11602

United States of America,

*Plaintiff—Appellee*,

*versus*

Derrick Adrian Johnson,

*Defendant—Appellant*.

Appeal from the United States District Court
Northern District of Texas, Dallas
USDC No. 3:16-CR-349-1

Before STEWART, CLEMENT, and COSTA, Circuit Judges.

Per Curiam:*

Derrick Adrian Johnson appeals his jury trial conviction and sentence for bank robbery. For the following reasons, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11602

## I. Facts & Procedural History

In August 2016, Johnson was charged with bank robbery, in violation of 18 U.S.C. § 2113(a). Prior to trial, he filed an opposed motion seeking funds to retain a psychiatrist to evaluate whether he was insane at the time of the offense. He also filed a notice of intent to assert an insanity defense. While Johnson's request for funding was pending, the Government moved for a pretrial psychiatric or psychological examination. The district court granted the Government's motion and Johnson was transferred to a Bureau of Prisons (BOP) facility and examined by a BOP psychologist, Dr. Tennille Warren-Phillips. After examining Johnson, Dr. Warren-Phillips concluded "[i]t is my opinion Mr. Johnson was criminally responsible for his alleged actions during the time period in question. I do not believe that he, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or wrongfulness of his acts."

The magistrate judge (MJ) then denied Johnson's pending requests for funds to retain two specific expert witnesses, Dr. Tim F. Branaman, a psychologist, and Jeff Fletcher, a licensed professional counselor.[1] The MJ acknowledged that Johnson was indigent but determined that he had not established that the services of a psychologist were necessary for his defense.

Johnson exercised his right to testify at trial and generally asserted that he could not remember what happened on the day of the bank robbery and that he was "not in [his] right mindset" that day. During his initial examination, defense counsel asked Johnson whether he had met with any mental health providers other than Dr. Warren-Phillips, and Johnson

---

[1] Johnson withdrew his initial request for funds to retain a psychiatrist but did not withdraw his subsequent ex parte requests for funds to retain Dr. Branaman and Fletcher.

responded that he met with Fletcher and Dr. Branaman for the purpose of evaluating his mental state at the time of the robbery. Counsel then questioned Johnson about the outcome of those meetings, and the Government objected that the questions called for hearsay and that the information divulged in those meetings had not been disclosed to the Government.

Defense counsel then asked Johnson why the counselors were not testifying and Johnson stated that he could not afford them. Then, on cross-examination, the prosecutor asked Johnson, without referencing any particular individual, whether he had the power to "subpoena witnesses to come up here and testify [on his] behalf," and Johnson replied, "[t]hat's correct." Defense counsel followed up on redirect, eliciting testimony that some witnesses cost money, that some witnesses may not show up in court even though they are subpoenaed, and that subpoenas were issued by the court in Johnson's case. The following colloquy took place on re-cross examination:

> Q. Mr. Johnson, you keep saying that you don't have money and that's why you don't have any witnesses here. You understand that if somebody violates a federal subpoena, the Marshals can go out and find them; the Court can issue a bench warrant. Correct?
>
> A. That's my first time hearing that.
>
> Q. You don't have any understanding of what the consequences are if you violate a federal subpoena?
>
> A. I've never been subpoenaed or issued a subpoena, so no, I don't.

No. 18-11602

Q. You understand that there is a process in place for you to actually petition the Court for money to pay witnesses that cost money. Correct?

A. Yes.

Q. And, in fact, you have petitioned the Court for money and you were denied that money. Correct?

A. That's correct.

Q. The Court made the determination not to give you that money. Is that right?

A. In contravention of the law, yes.

Q. That's what you say, but the Court has decided that you are not going to have money to pay whoever you wanted to pay. Is that correct?

A. That's correct.

[Q]: No further questions.

In closing, counsel for Johnson challenged only whether he had the mental state necessary to commit the bank robbery and argued that he could not present testimony from mental health experts because he could not afford them. In rebuttal, the Government emphasized that Johnson would have issued subpoenas for his mental health experts had there been any validity to his mental health defense. The district court then advised the jury that (1) the questions, statements, objections, and arguments of the attorneys were not evidence and (2) jurors should not assume that the court had any opinion

on the issues based on the court's actions and statements, and should disregard them. The jury found Johnson guilty as charged.

The presentence report (PSR) assigned Johnson a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1 on the grounds that he committed perjury during his trial testimony by falsely stating that he could not remember the circumstances of the instant bank robbery. Specifically, the PSR provided that:

> [T]he defendant testified he could not recall the events of the instant offense. The government noted the defendant confessed to the events of the instant offense to law enforcement officials immediately following his arrest on July 9, 2016. The defendant also recounted the events, in detail, when he met with Dr. Tennille Warren-Phillips during multiple sessions for a Criminal Responsibility Report. Dr. Warren-Phillips indicated the defendant never expressed any problems recalling the instant offense during those sessions.

*See* PSR, Paragraph 16; ROA 675. Johnson objected, arguing that he never claimed not to remember the major facts of the instant offense and whether he testified truthfully regarding his recall should not be predicated on the report of Dr. Warren-Phillips because she did not testify at trial.

Johnson proceeded pro se at the sentencing hearing and adopted the objections to the PSR filed by counsel and re-urged them orally. The district court overruled Johnson's objections to the § 3C1.1 enhancement and adopted the PSR which provided for a guidelines range of 92-115 months. Because it found a guidelines sentence inadequate, the district court varied upward and imposed a sentence of 132 months, observing that the 115-month sentence imposed for a prior similar bank robbery that Johnson had

committed in 2007 had not deterred him from committing a similar crime. Johnson filed this appeal.

## II. Discussion

Johnson presents two issues for this court's review on appeal. First, he argues that the prosecutor engaged in misconduct that prejudiced his defense by commenting on his failure to subpoena Fletcher and Dr. Branaman and on the district court's pretrial denial of his motion for funds to hire a mental health expert.  Second, he argues that the district court reversibly erred by applying the § 3C1.1 obstruction of justice enhancement. We address each issue in turn.

### *Prosecutorial Misconduct*

"A prosecutor is prohibited from commenting directly or indirectly on a defendant's failure to testify or produce evidence." *United States v. Waguespack*, 935 F.3d 322, 334 (5th Cir. 2019) (quoting *United States v. Romero-Medrano*, 899 F.3d 356, 361 (5th Cir. 2018)).  However, "[i]mproper prosecutorial comments constitute reversible error only where the defendant's right to a fair trial is substantially affected." *Id.* (quoting *United States v. Stephens*, 571 F.3d 401, 407-08 (5th Cir. 2009)). In reviewing a claim of prosecutorial misconduct, this court employs a two-step analysis. *United States v. McCann*, 613 F.3d 486, 494 (5th Cir. 2010). We first determine whether the disputed remark was improper.  *Id.*  If so, we then decide whether the remark affected the defendant's substantial rights. *Id.*

When the defendant does not object to the disputed remark, as in this case, we review for plain error only, which requires him to show error that is clear and obvious and affects his substantial rights.  *United States v. Gracia*, 522 F.3d 597, 599-600 (5th Cir. 2008). If the defendant makes such a showing, we have the discretion to correct the error and should do so if it

seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

We assume without deciding that Johnson can prove prongs one and two of plain error as to the prosecutor's remarks regarding his failure to subpoena witnesses and the court's pretrial denial of funds to hire a mental health expert. We also agree with the Government, however, that his claim falls short on prong three, substantial rights. More specifically, Johnson cannot demonstrate a reasonable probability that any purported error here influenced the outcome of his trial. *See United States v. Huntsberry*, 956 F.3d 270, 283 (5th Cir. 2020) ("As a general rule, an error affects a defendant's substantial rights only if the error was prejudicial . . . . Error is prejudicial if there is a reasonable probability that the result of the proceedings would have been different but for the error." (citations omitted)). The record reflects that the Government presented adequate evidence at trial to support the jury's verdict of guilt, including but not limited to: stills of the videotaped footage of Johnson committing the bank robbery, the robbery note, the fact that he still had cash he had stolen from the bank on him when he was arrested, that he admitted he robbed the bank to investigators and a mental health counselor, and that he committed the robbery one day after he finished serving a sentence for a prior bank robbery.

Given the voluminous evidence of Johnson's guilt as presented at trial, we agree with the Government that any purported error with respect to the prosecutor's comments as to Johnson's failure to subpoena witnesses or the district court's pretrial denial of funds for a mental health expert could not have affected the outcome of his proceedings. *See United States v. Smith-Bowman*, 76 F.3d 634, 637 (5th Cir. 1996) ("[T]he evidence as a whole before the jury was sufficiently convincing of guilt as to overcome any error committed by the government during its cross-examination of this one defense witness.").

No. 18-11602

*Sentencing Enhancement*

Section 3C1.1 of the Sentencing Guidelines provides for a two-level enhancement if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." Perjury is one example of conduct to which this enhancement applies. U.S.S.G. § 3C1.1, cmt. n.4(B). "[A] defendant commits perjury if he provides 'false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.'" *United States v. Smith*, 804 F.3d 724, 737 (5th Cir. 2015) (quoting *United States v. Dunnigan*, 507 U.S. 87, 94 (1993)); *see* § 3C1.1, cmt. n.2.

Where error is preserved as it is here,[2] we review the district court's "application or interpretation of the Sentencing Guidelines de novo and its factual findings, such as a finding of obstruction of justice, for clear error." *Smith*, 804 F.3d at 737. A factual finding is not clearly erroneous if it is "plausible in light of the record as a whole." *Id.* (quoting *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008)).

---

[2] The Government argues that review is for plain error only because Johnson did not challenge the district court's failure to make specific, independent findings addressing each element of perjury in his objections before the district court. This court, however, has deemed an objection preserved despite the party's failure to use "magic words." *United States v. Johnson*, 267 F.3d 376, 380 (5th Cir. 2001). Although Johnson's pro se objection to the obstruction enhancement may not have been as articulate as that of an attorney, he argued at sentencing that he did not know exactly how he provided false testimony and that he should not be punished for exercising his right to testify at trial. Accordingly, we consider his objection sufficiently preserved. *See United States v. Neal*, 578 F.3d 270, 272-73 (5th Cir. 2009).

Johnson's objection to the enhancement triggered a duty by the district court to "review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same." *United States v. Perez-Solis*, 709 F.3d 453, 469 (5th Cir. 2013) (quoting *Dunnigan*, 507 U.S. at 95). When such an objection is raised, the district court should address each element of perjury in a separate and clear finding. *Dunnigan*, 507 U.S. at 95. However, a district court is not required to make an explicit finding of willfulness, *see United States v. Miller,* 607 F.3d 144, 152 (5th Cir. 2010), and "need not expressly find that the false testimony concerned a material matter" where "materiality is obvious." *Perez-Solis*, 709 F.3d at 470 (internal quotation marks omitted). A finding of obstruction "that encompasses all of the factual predicates for a finding of perjury" is sufficient. *Dunnigan*, 507 U.S. at 95. Further, this court has held that in making findings in support of § 3C1.1's application, "it is sufficient for the court to adopt adequate findings in a [PSR]." *Perez-Solis*, 709 F.3d at 470; *see also United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009) (holding that, because the defendant bears the burden of demonstrating that the PSR is inaccurate, in the absence of rebuttal evidence, the district court may properly rely on the PSR).

Here, the district court adopted the adequate factual findings set forth in the PSR, as it was permitted to do. *See Perez-Soliz*, 709 F.3d at 470. The PSR in turn provided that Johnson committed perjury during his trial testimony by falsely stating that he could not remember the circumstances of the instant bank robbery. The PSR explained that Johnson's testimony that he could not recall the events of the current offense were contradicted by his confession of the offense to law enforcement on July 9, 2016, as well as by his meetings with Dr. Warren-Phillips wherein he recounted the events of the offense in detail. Here, the "materiality is obvious" so the district court was not required to make express findings that Johnson's false testimony

concerned a material matter. *Id.* Likewise, its reliance on the factual findings set forth in the PSR in support of the enhancement was appropriate. The district court did not reversibly err by applying a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1.

### III. Conclusion

Johnson's conviction and sentence are affirmed.