**Reversed and Remanded and Majority and Dissenting Opinions filed September 1, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00131-CV

---

**LJA ENGINEERING INC., Appellant**

**V.**

**ESMERALDA CHAVES SANTOS, INDIVIDUALLY AS AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MANUEL MOLINA, DECEDENT, AND FOR THE USE AND BENEFIT OF THE WRONGFUL DEATH BENEFICIARIES OF MANUEL MOLINA; DANIEL MOLINA; AND NANCY MOLINA, Appellees**

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-46588**

---

## DISSENTING OPINION

The majority's opinion fails to acknowledge or address Appellant's failures to (1) introduce any evidence, (2) meet its burden of persuasion, and (3) establish that Appellees' injuries arose out of the provision of professional services by a licensed or registered professional.  Therefore, I dissent.

Appellant argues (and the majority accepts) that the trial court erred when it denied Appellant's motion to dismiss because Appellees' claim arises out of the provision of professional services. This question is dispositive based on Texas Civil Practice and Remedies Code section 150.002, which requires an affidavit of merit in "any action . . . for damages arising out of the provision of professional services by a licensed or registered professional."[1] Despite this unambiguous statute, the majority's analysis summarily ignores the phrase "arising out of." Instead, it simply concludes Appellees' injuries must have arisen from Appellant's provision of professional services that were associated with the relevant injuries (*i.e.*, "design[ing] the project, prepar[ing] the construction plans and specifications, and then inspect[ing] the work to ensure that the work complied with LJA Engineering's design plans"). Therefore, the majority's opinion fails to address the question presented.

The phrase "arising out of" is not new to American jurisprudence. *See Crosby v. Huston*, 1 Tex. 203, 230 (1846); *Hite v. Fairfax*, 8 Va. 42, 68 (1786). Together, these words constitute a widely known juridical phrase of art.[2] Although "'arise out of' means that there is simply a 'causal connection or relation,'"[3] this means "that there is but for causation, though not necessarily direct or proximate causation."[4]

The test for but-for causation (commonly known as cause-in-fact) "is

---

[1] Tex. Civ. Prac. & Rem. Code Ann. § 150.002.

[2] *See generally Lancer Ins. Co. v. Garcia Holiday Tours*, 345 S.W.3d 50, 54-55 (Tex. 2011) (collecting a sample of authorities).

[3] *Utica Nat'l Ins. Co. of Tex. v. Am. Indem. Co.*, 141 S.W.3d 198, 203 (Tex. 2004) (citing *Mid-Century Ins. Co. of Tex. v. Lindsey*, 997 S.W.2d 153, 156 (Tex. 1999)).

[4] *Id.* (citing *McCarthy Bros. Co. v. Cont'l Lloyds Ins. Co.*, 7 S.W.3d 725, 730 (Tex. App.—Austin 1999, no pet.); *Admiral Ins. Co. v. Trident NGL, Inc.*, 988 S.W.2d 451, 454 (Tex. App.—Houston [1st Dist.] 1999, pet. denied)).

whether the act or omission was a substantial factor in causing the injury 'without which the harm would not have occurred.'"[5] "The but-for causation standard is significantly more difficult to prove than prima facie causation."[6] Cause-in-fact/but-for causation cannot be established "by mere conjecture, guess, or speculation."[7]

Basic principles of Texas law have (until now) dictated that the party seeking affirmative relief bears the burden of persuasion. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019); *Saba Zi Expl., L.P. v. Vaughn*, 448 S.W.3d 123, 129 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Russell v. City of Bryan*, 919 S.W.2d 698, 704 (Tex. App.—Houston [14th Dist.] 1996, writ denied); *see also Matter of Approximately $80,600.00*, 537 S.W.3d 207, 211 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). Here, Appellant sought affirmative relief via its motion to dismiss. Therefore, it had the burden to persuade the trial court that its provision of professional services was the cause-in-fact of Appellees' injuries. Under the circumstances, this standard "is significantly more difficult to prove than prima facie causation,"[8] yet Appellant failed to "prove" anything; in fact, Appellant failed to introduce even a single piece

---

[5] *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003) (per curiam); *Ginn v. Pierce*, 595 S.W.3d 762, 767 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (citing *Transcon. Ins. Co. v. Crump*, 330 S.W.3d 211, 222-23 (Tex. 2010)); *see also Pediatrics Cool Care v. Thompson*, No. 21-0238, 2022 WL 1509741, at *4 (Tex. May 13, 2022) ("A defendant's negligence is the cause-in-fact of a plaintiff's injury if '(1) the negligence was a substantial factor in causing the injury, and (2) without the act or omission, the harm would not have occurred.'") (quoting *Gunn v. McCoy*, 554 S.W.3d 645, 658 (Tex. 2018)).

[6] *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 782 (Tex. 2018) (citing *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007)); *Bostic v. Georgia-Pac. Corp.*, 439 S.W.3d 332, 343 (Tex. 2014).

[7] *Powell v. Grijalva*, No. 14-19-00080-CV, 2020 WL 4097274, at *2 (Tex. App.—Houston [14th Dist.] July 21, 2020, no pet.) (mem. op.) (citing *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004)).

[8] *Bostic*, 439 S.W.3d at 343.

of evidence. The majority's conclusion that the trial court reversibly erred when there is not even a scintilla of evidence in the record capable of supporting its conclusion is incomprehensible, particularly given that the Legislature knows how to create broad conditions precedent to otherwise viable lawsuits when it intends to do so. *See, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 74.401(a) ("In a suit *involving* a health care liability claim against a physician for injury to or death of a patient . . . .") (emphasis added).

Based on the majority's decision to ignore the statutory phrase "arising out of" while violating fundamental principles concerning a moving party's burden of persuasion, I respectfully dissent.


/s/    Meagan Hassan
Justice


Panel consists of Justices Jewell, Zimmerer, and Hassan (Zimmerer, J., majority).